UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: _____

ALEXIS HICKS,

    Plaintiff,

v.

CITY OF POMPANO BEACH, FLORIDA

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, ALEXIS HICKS, by and through her undersigned counsel, sues the Defendant, CITY OF POMPANO BEACH, FLORIDA, and alleges as follows:

**JURISDICTION AND VENUE**

    1.  This is an action for damages and to remedy violations of the rights of MS. HICKS under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Florida Civil Rights Act of 1992, as amended ("Chapter 760"), to redress injuries done to her by the Defendant, CITY OF POMPANO BEACH, FLORIDA. ("Defendant").

    2.  The unlawful acts which gave rise to this Complaint occurred within Broward County, Florida during the Plaintiff's employment with Defendant, making venue proper in this District pursuant to 28 U.S.C. § 1391.

**PARTIES**

    3.  At all times material hereto, Plaintiff has been a citizen and resident of Broward County Florida and is otherwise *sui juris*.

4. At the relevant time, Plaintiff was a 19-year old female, and, as such, Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Florida Civil Rights Act of 1992, as amended ("FCRA"), because the terms, conditions, and privileges of her employment were altered because of her gender.

5. Defendant is not a government agency. At all times material hereto, Defendant was Plaintiff's employer as defined by law.

6. Defendant has, at all times material hereto, employed 20 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. § 760.02(7)).

7. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination against the Defendant with the Equal Employment Opportunity Commission.

8. Plaintiff's charge was filed within 300 days after the first instance of discrimination occurred.

9. Plaintiff was issued a Notice of Right to Sue on July 31, 2019. This suit is filed in accordance with that Notice and within the applicable ninety (90) day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

10. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

11. Plaintiff was hired as a lifeguard for the Defendant in May 2018 until she was terminated on July 30, 2018.

12. As a lifeguard, Plaintiff's primary duties and responsibilities included cleaning, watching the pool, and helping patrons.

13. Plaintiff was qualified for her position as a lifeguard in that she had experience as a lifeguard and/or she had all necessary training and certifications to perform her job duties and responsibilities.

14. Plaintiff's starting salary was $15.00 per hour.

15. Just a few weeks into the Plaintiff's employment, she came the target of ongoing harassment and discrimination.

16. The Defendant scheduled the Plaintiff to work with Derek Frazier, a head lifeguard in his 40s. During these shifts, Mr. Frazier and the Plaintiff were the only employees present.

17. On their second day working together, Mr. Frazier asked the Plaintiff questions of a sexual nature, including, "are you a virgin? What is your favorite position? Are you sleeping with anyone? What are you doing tonight?" These questions made the Plaintiff incredibly uncomfortable. She walked away from him in order to avoid Mr. Frazier and his inappropriate questions. Mr. Frazier continued to ask the Plaintiff these questions and to make sexual comments to her. Since walking away was ineffective, the Plaintiff told Mr. Frazier that he was making her uncomfortable.

18. The Plaintiff also complained about the discrimination to Mason, the supervising head lifeguard. Mason told the Plaintiff to tell Cynthia DiCintio, the front desk manager. Mason also suggested to the Plaintiff that she work it out by herself with Mr. Frazier, saying, "I don't really know what to do about this."

19. By dismissing the Plaintiff's concerns, Mason allowed the discrimination and hostile work environment to continue.

20. A couple of days later, the sexual harassment escalated. The Plaintiff came to work and Mr. Frazier grabbed her by my waist and put his arm around her and said, "hey, honey. How are you?" The Plaintiff felt extremely uncomfortable and shortly after went and notified Cynthia

DiCintio. Ms. DiCintio told the Plaintiff to speak with Gerald Smith ("Pete"), who is the head supervisor of the Aquatic Complex. The Plaintiff left several messages for Mr. Smith, but he never responded or answered her calls.

21. After the Plaintiff made others aware of the ongoing harassment and discrimination, her fellow guards stopped speaking to her and Mason began yelling at her, whereas before the Plaintiff never had an issue with other coworkers or supervisors.

22. On July 30, 2018, the Plaintiff worked her shift. At the end of her shift, she looked at the new schedule and noticed she was not scheduled to work during the next two weeks. When the Plaintiff saw that she was not on the schedule, she made several attempts to contact Pete, but to no avail. The Plaintiff then went to speak to Ms. DiCintio who said, "I am busy right now. All that I know is that you are no longer on the schedule because of your poor work ethic." Ms. DiCintio did not provide any details. Further, the Plaintiff had never received any feedback about a poor work ethic. Ms. DiCintio makes the schedule and therefore, was the person who should have an explanation for why the Plaintiff was not scheduled to work.

23. Plaintiff was removed from the schedule in retaliation for complaining about the discrimination and hostile work environment she encountered. Ms. DiCintio told the Plaintiff, "you are not completely innocent. You brought these problems onto yourself."

24. On August 23, 2018, the Plaintiff had an in-person meeting with Pete, who claimed he had no knowledge of the discrimination or hostile work environment or of the Plaintiff's complaints related thereto. During this meeting Pete dismissed the Plaintiff's complaints by saying, "Derrick was just trying to teach you a lesson."

25. Plaintiff has engaged the undersigned attorney to prosecute her claims and is entitled to recover her attorney's fees from Defendant pursuant to statute.

## **COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**(Discrimination on the Basis of Sex)**

26. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 25, inclusive, as though same were fully re-written here.

27. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§703(a), 706(a), and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of her sex, female.

28. Derek Frazier, Cynthia DiCintio, Gerald Smith, and Mason Pizzo, at all times relevant, were acting within the course and scope of their employment for Defendant.

29. Because Plaintiff is a woman, she was sexually harassed, discriminated against, and her complaints were not addressed or properly handled.

30. Because Plaintiff is a woman, Mr. Frazier continued to make sexual and inappropriate comments to her and went as far as to grab her by the waist and put his arm around her.

31. Because Plaintiff is a woman, when she complained about the harassment and discrimination, her concerns were not taken seriously, she was given the wrong instructions as to how to raise her complaints, and the Defendant took no action to stop the discrimination.

32. Upon information and belief, male employees are not sexually harassed nor touched inappropriately, and male employees are not discouraged from making complaints.

33. Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 USC §2000e2(a)(1) which resulted in Plaintiff, ALEXIS HICKS, being discriminated against.

34. Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, benefits, and compensation for emotional distress pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

WHEREFORE, Plaintiff hereby requests that this Honorable Court grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including back pay, front pay, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with The Civil Rights Act of 1964, §706(g); attorney's fees, costs, together with interest thereon, and such other relief as the Court deems just and appropriate.

### COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
**(Discrimination on the Basis of Sex)**

35. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 25, inclusive, as though same were fully re-written here.

36. The FCRA forbids discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

37. The Florida Civil Rights Act of 1992 shall be construed according to the fair import of its terms and shall be liberally construed to further the general purposes stated in this section and the special purposes of the particular provision involved.

38. Plaintiff is a woman, and therefore a member of a protected class.

39. Because Plaintiff is a woman, she was sexually harassed, discriminated against, and her complaints were not addressed nor properly handled.

40. Because Plaintiff is a woman, Mr. Frazier continued to make sexual and inappropriate comments to her and went as far as to grab her by the waist and put his arm around her.

41. Because Plaintiff is a woman, when she complained about the harassment and discrimination, her concerns were not taken seriously and the Defendant took no action to stop the discrimination.

42. Upon information and belief, male employees are not sexually harassed nor touched inappropriately.

43. Upon information and belief, the concerns of male employees are taken seriously.

44. At all relevant and material times, Defendant failed to comply with the FCRA.

45. The discrimination of Plaintiff by Defendant was caused by Defendant being aware of Plaintiff's sex.

46. At all times relevant, including at the time of the unlawful and discriminatory treatment, Defendant was aware that Plaintiff was a woman.

47. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

48. The failure of Defendant to adhere to the mandates of the FCRA was willful and its violations of the provisions of the FCRA were willful.

49. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of her sex in violation of the FCRA with respect to its decision to treat Plaintiff differently from other employees.

50. Defendant's treatment of Plaintiff was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because she was a woman, in violation of the FCRA.

51. Any allegedly nondiscriminatory reason for the treatment of Plaintiff asserted by Defendant is a mere pretext for the actual reasons for the treatment; namely, Plaintiff's sex.

52. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting persons from discrimination due to her sex.  The discrimination on the basis of sex constitutes unlawful discrimination.

53. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered serious economic losses, as well as mental pain and suffering.

WHEREFORE, Plaintiff hereby requests this Court enter judgment against Defendant for all wages and benefits the Plaintiff would have received but for the discrimination, including actual damages suffered, compensatory damages under the FCRA for embarrassment, anxiety, humiliation, and emotional distress, liquidated damages, prejudgment interest on her damages award, attorney's fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT III: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
**(Retaliation)**

54. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 25, inclusive, as though same were fully re-written here.

55. Plaintiff had the right to voice her grievances that she was being discriminated against.

56. When Defendant removed the Plaintiff from the work schedule, and subsequently terminated her position, it retaliated against her for exercising her rights.

57. Mr. Pizzo, Ms. DiCintio, and Mr. Smith, at all times relevant hereto, acted on behalf of the Defendant, and acted within the scope of their duties.

58. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964.

59. Plaintiff has engaged the undersigned attorney to prosecute her claim and is entitled to recover her attorney's fees from Defendant pursuant to statute.

WHEREFORE, Plaintiff hereby requests that this Court: (a) declare that Defendant's termination of Plaintiff was in violation of Title VII of the Civil Rights Act of 1964; (b) grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's termination of Plaintiff in an amount to be determined at trial and in accordance with Title VII of the Civil Rights Act of 1964; (c) award Plaintiff pre-judgment and post-judgment interest; (d) award Plaintiff compensatory damages as permitted by law; (e) award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to statute; and (f) grant Plaintiff such other and further relief as the Court deems appropriate.

### **COUNT IV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992**
**(Retaliation)**

60. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 25 inclusive, as though same were fully re-written here.

61. Plaintiff had the right to voice her grievances that she was being discriminated against.

62. When Defendant removed the Plaintiff from the work schedule, and subsequently terminated her position, it retaliated against her for exercising her rights.

63. Mr. Pizzo, Ms. DiCintio, and Mr. Smith, at all times relevant hereto, acted on behalf of the Defendant, and acted within the scope of their duties.

64. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA, Chapter 760.

65. Plaintiff has engaged the undersigned attorney to prosecute her claim and is entitled to recover her attorney's fees from Defendant pursuant to statute.

WHEREFORE, Plaintiff hereby requests that this Court: (a) declare that Defendant's termination of Plaintiff was in violation of the FCRA; (b) grant Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's termination of Plaintiff in an amount to be determined at trial and in accordance with the FCRA; (c) award Plaintiff pre-judgment and post-judgment interest; (d) award Plaintiff compensatory damages as permitted by law; (e) award Plaintiff the costs of this action, together with her reasonable attorneys' fees incurred herein, pursuant to contract and/or statute; and (f) grant Plaintiff such other and further relief as the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 28th day of October, 2019.

By: /s/ *Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff